after the attorneys have had a chance to give them a little chance. Case number 13-2395, Groves of Hidden Creek Condominium Association versus Groves of Hidden Creek Community Association. All right. We've called the other case we have for Orals, and if the attorneys that are going to argue would please step up and identify yourselves for the record. Good morning, Your Honors. Gabriella Comstock for the appellant. Good morning, Your Honors. Nick Mitchell for the appellant. Each side will have approximately 15 minutes to present argument, and from that, Ms. Comstock, you will have some time for a vote. So you may step up and proceed with your argument. Thank you. May it please the Court. My name is Gabriella Comstock. I represent the plaintiff, the appellant, the Groves of Hidden Creek Condominium II Association. This case is before the Court on an issue that was raised relating to motions for summary judgment. The issue before the Court is whether the trial court improperly granted the defendant's motion for summary judgment when it concluded the developer's intent, and whether the trial court improperly denied the plaintiff's motions for summary judgment. So you're here today, and you're pretty much still contending that as a matter of law, you should prevail. Isn't that right? Your Honor, you're correct. You're not here saying there's still questions of fact remaining regarding the intent? There are questions of intent certainly remaining as it relates to the arguments presented by the defendant. And the reason I say that, Your Honor, is you may have been aware of through the reading of the briefs, the motions, there were cross motions for summary judgment at the trial court level. And the arguments presented were very different. And I do believe, and it is still our position, that there are questions of material fact related to the arguments presented by the defendants. Their argument, which both the trial court summarized well what the different arguments were between the two parties, and the argument as it relates to the defendant related to the developer's intent and the benefit of the use of the pond. This is an area of, I'm going to refer to it as the pond when it's shadow lake just through purposes of the argument. And the trial court based her ruling based on the developer's intent. And we do remain with the position today that there are questions of fact related to that. The reason there's questions of fact related to that. Do you agree, though, that the court, when the lawsuit was filed, that the court has the power to decide whether there were questions of material fact regarding the initial developer's intent? I do believe that the trial court could make a determination on that. However, I also do believe that the law is very clear that when the, looking at the intent of the developer in this case would result in there being more than one reasonable inference, that the court is then precluded from granting a summary judgment because then it raises a question of fact. Okay. Well, is one fact clear, and that is that the developer never deeded the pond to any of the three parties in interest? Yes, Your Honor. And that is an undisputed fact. Can one infer from that that that was sheer inadvertence, that there had to be someone or one of the parties that the developer intended to deed that pond to? Yes, Your Honor. And I would also remind the court, too, that in the undisputed statement of facts, the parties even don't dispute that the intent was for one of the three associations to be responsible to be the owner of this property. So that is not in dispute, that one of the three of them should be the owner and responsible for maintaining. And by one of the three of them being either Condo 1, 2, or the community association. Yes, Your Honor. All right. Now, there's one other pond, or there's other waterways involved in these developments. And is it also undisputed that the other pond was deeded to Condo 1? That is also undisputed and also part of the joint statement of facts, which clearly distinguishes the pond in question in this case from those ponds. Because in there, we had a deed. We were able to identify the developer's intent, and there's only one reasonable inference as to who's responsible for the maintenance of those waterways. But are those waterways, like this waterway, pretty much surrounded by the Condo 1 units? Yes, they are pretty much surrounded just by the Condo 1, by the layout. And there is, as part of the record, two different maps which identify the layout of the property. And would it be fair to say that Condo 1 could argue that Condo 2 benefits from that lake property in Condo 1? They certainly could make that argument, but there's also an argument to be made as to why Condo 1 also benefits from this particular lake and this particular waterway area. That's what I'm just saying. Yes. So that argument kind of is awash, isn't it? As it relates to the benefits? Yes. If Condo 1 was deeded the water or pond, they have their own pond, right? Correct. They may have more than one pond, I don't recall. They have their own pond. They've been responsible for 100% of maintaining that pond over the years. Right. So Condo 2 or Condo 1 could similarly argue that the Condo 2 residents benefit from that. True? They certainly could make that argument. Here's my question. Take that fact. Yes. Okay. So all along, they have been responsible for, they were deeded that lake, they've maintained that pond 100%. And at the same time, they could argue, as you're arguing with Condo 2, that Condo 2 benefits from that. Correct. So your argument that Condo 1 benefiting from the pond in Condo 2 somehow impacts intent is really a wash or no material fact. The reason I would disagree with that, Your Honor, is that we cannot forget the fact that Condo 1 has a deed. Yes. We all agree that there's no question of fact that for whatever reason, the developer did not deed that pond. Correct. Okay. But does everybody agree that there had to be some intent to deed that pond somewhere to one of the three? For Condo 1 or for Condo 2? For one of the three. But I'm saying the waterways related to Condo 2, correct? I want to make sure I'm clear as to what you're referring to. There is no dispute that the developer intended for one of the three associations to be responsible for it. But the issue of the benefit, whether you're talking about any of the waterways, and the benefit that the parties may obtain from that is only one factor to be considered. My question to you is that that question isn't really one of material fact because it can be used on the other side of the fence, and so it really doesn't raise a question of material fact. And I disagree that it doesn't raise a question of material fact just because the other argument can be made as it relates to Condo 1's waterways. Because Condo 1's waterway is really, we're not comparing apples to oranges, or apples to apples. We're doing apples to oranges because our waterway was not deeded to us where Condo 1's was. And so we know what the developer's intent. We know he intended to convey it to Condo 1 because that's what he did with the document. And we can't ignore the deed that conveyed that property. However, when we are only looking at the developer's intent and what's around this particular area of property, we're ignoring other reasonable inferences. Okay, well give me a couple of reasonable inferences why when the developer has deeded the other pond to 1. What would be the reasonable inference why he would deed the pond completely surrounded by Condo 2 units to Condo 1? Because, Your Honor, there was also an area, this property where the lake is, is subject to a pin that also has a community area, a clubhouse, a playground area. And this pin, which was given by the county, includes that area and then the shadow lake, the lake which is in dispute. The area where the clubhouse and the playground are located was deeded to the community association. And that's undisputed. And so the inference can also be made that just as the developer conveyed a portion of the property, which has a permanent index number where this lake is located within, part of that property was deeded to the community association, the reasonable inference would be that the developer also intended for this lake to be conveyed to the community association. And it's for that reason that it's our contention that the trial court improperly granted the motion for summary judgment. So really, if anything, right now you're arguing there's questions of material fact that wouldn't in any way permit the judge to give you summary judgment. Well, the reason I paused for a moment, Your Honor, is that our argument as it relates to the motion for summary judgment and why we believe we are entitled to it relates to the plain language of the declaration, the community association's declaration. It also relates to the history of the property, how it had been maintained, how it had been included as part of the community association's budget, and also the argument I just made a moment ago as it relates to this piece of property where the clubhouse is located was conveyed to the community association. And our argument was more when you look at all of those and reading the declaration as a whole and the actions of both the community association and the developer as it related to other portions of this property, the most equitable result would have been conveying this property to the community association. So have you ever seen or read any case that allows a court to grant summary judgment as a matter of law based on equitable considerations? I mean, I'm not aware of any, but you tell me. Your Honor, I am not aware of any either. And I will also, when we were at the trial level, that was one of the reasons we had put together the joint statement of undisputed facts because in order to show that we were able to make a good faith argument that this was a question of law for the judge to decide, we submitted a joint statement of undisputed facts. And through those facts, which are undisputed and what condo 2 is relying on for its motion for summary judgment, we do believe that the court would have had the equitable power to determine what was in the best interest of all the parties and comparing the benefit to the hardship of the parties to declare that the condo, the community association, was the one responsible for maintaining the lake. In terms of maintaining the lake, were there any really large sums of money ever contributed by the community association for the upkeep of this pond? The record shows that they had continued to maintain it, that they did put money into it. The exact dollar amounts that were put into the lake were not identified within the record. However, they had been doing this for over 15 years. That being that the community association was not only putting it in their budget but also maintaining it. There's nothing in the record that definitively even suggests a raw number? Well... I thought it was minimal at most. There are budgets that are in the record that identify the dollar amount that was budgeted for it. That is part of the record. What was that? That is a nominal amount. I would have to go back and look at the exact dollar amount. When you say nominal, you mean nominal. Very little. Nominal amount over 15 years. Correct. However... How would then that translate into a 70-30 decision? That comes from the plain language of the community association's declaration as to how the property which is common to the associations is supposed to be treated based on the difference in size between the two associations. It's a formula that the developer drafted and included within the declaration. And he included it within the declaration so that when there are common expenses, not just as it relates to the lake but other areas within the property. Are you asking that as a matter of law that the pond surrounded by Condo 2 units should be deeded to the community or to Condo 1? To the community association. It should be treated in the same manner that the rest of the property that is subject to this PIN is treated. So Condo 1 shouldn't have anything to do with it? Condo 1 and Condo 2 are both members of the community association. So Condo 1 does have something to do with it, but the legal responsibility will fall under the corporate entity of the community association. So then in the end, isn't the 70-30 split basically Condo 2 would be required to contribute 30% and Condo 1 would be required to contribute 70%? Correct, because it relates to any community. And that would be for a pond that is completely surrounded by all Condo 2 people. And that's something you think that would be equitable? Yes, Your Honor, because it's the same as it relates to the other common areas within the association. But is this truly a common area? Yes, because as indicated in the record, there is free access for everybody. There's benches. There's a way that the owners from Condo 1. But could it really be termed a common area when it was never deeded in the first place? Well, where could you get support for that? That is a very good question. And unfortunately, there's no case law out there that's going to say except as it relates to adverse possession. And the reason adverse possession wouldn't apply because we didn't have exclusive use over this property. Condo 1 or members and the community association as a whole also had use of this property. However, because of the way the parties have been treating this and have been using it, as indicated in the record, they are Condo 1 and Condo 2. When you say they've been treating it, are you referring to, once again, the nominal amount of money? No. What are you referring to? I'm referring to the use as well. And that is in the record. And the record does show that Condo 1 owners, just as Condo 2 owners, were out there using it for line fishing. There's benches there so they can sit and enjoy and use it as well. Is that the same, though, for the pond in Condo 1? I don't know, Your Honor. And the only reason I don't believe that that is relevant is because the issue as to the ownership or the maintenance of Condo 1 is not before this court or before the trial court. And, again, it wasn't because there is a deed. And that was not anything that was raised within the pleadings. So the only one that is related here is it relates to this particular waterway, which was used by all of the owners, not just Condo 1, as suggested by Condo 2. And that is supported by the evidence in the record. And the court should have considered that. And just as we are asking this community association to be responsible as a whole for this particular lake, we are also asking for that property, which is related to the playground, the clubhouse, the hidden creek circle, which is a roadway, which is part of the community association. And all of that is right by this same area, subject to the same pin. We're asking that this piece of property be treated in the same manner as the rest of the property that is subject to this pin, which was conveyed by the developer to the community association. Don't you think, though, that you've got your numbers a little bit mixed up? The 730? Shouldn't it be maybe the other way around? Well, Your Honor, the reason is... When all of the units indisputably surround this pond, and that those property owners represent that their properties are worth more because they're on a lake. But, Your Honor, that is not a reason for the court to have granted the motion for summary judgment. I'm just throwing it out as far as the 730. And if that is the case, it is subject to the terms in a declaration, which are subject to amendment. And the owners can work to amend that. If that is what the owners would like you to say from the beginning, there was no deed regarding the pond. So, you know, you keep saying there was no deed, and yet you're saying that for the pond it should be 730. When there was no declaration suggesting your number at all. But the other pond that was deeded is that Condo 1 is 100% responsible for the maintenance of that pond, even though all the other unit owners in Condo 2 have the benefit of that property. But the trial court didn't even get to the issue of whether or not Condo 1 is not going to get to have the benefit of this lake. And so we're making the assumption that, and we're looking at only the one fact that those condo buildings being surrounded means that's their only way of benefiting from the lake. And there are other factors that can come into play as well in determining the benefit for the parties. So it would be premature for us to determine whether or not 7030 is the right way to allocate the expense, because then we do have to consider the question of the benefit of this lake to the parties. And that may result in a change of the 7030. But we need to resolve that question of fact before we can just say it's only on the buildings that surround this lake. And that's what the trial court did. It only looked at the surrounding buildings of this lake. And it's for that reason that we believe she improperly granted the motion for summary judgment, because there are other facts that needed to be considered, some of which are in dispute. Such as what? The developer's intent. Well, that's my question. Let's get back to what the trial court actually did in the case. What the trial court did in the case was the trial court said, I'm not going to get into all these questions of who benefits the most. I'm going to put that aside. And the trial court said, based on the undisputed facts, I believe that I can discern what the developer's intent was. So I guess this comes down to really kind of a fine line of summary judgment law. Can the trial court take the undisputed facts and, as a result of the undisputed facts, do what the trial court did in this case, and that is make a determination as to what the intent of the developer was? Or is the intent of the developer a fact? Or is it a conclusion for summary judgment purposes? Your Honor, under the law, a judge can determine the intent of the developer. And the judge can make that ruling when there's one reasonable inference. And as supported by the case law in our brief, that was the problem why in this case it wasn't proper, because there's more than one reasonable inference as to what the developer's intent was. Had there only been one reasonable inference, then yes, a trial court can make that determination on summary judgment. But here, just looking at what the ownership of the Condo 1 waterways, which was an undisputed fact, ignores the other undisputed fact, the other reasonable inference, which was that the developer included other property subject to this pin and deeded that to the community association, thereby resulting in two possible reasonable inferences. And for that reason, it created a question of fact that should not have been decided on the motion for summary judgment. Who decides whether that other alternative is a reasonable inference? The trial court may have been able to make that determination after the parties provided more evidence, and probably not at the summary judgment level. She may have been able to make that determination, and I would contend that she could make that determination at a trial or more of an evidentiary hearing. But at this point, at a motion for summary judgment, before the parties could even give additional evidence on that, that's what makes it premature and not right for motion for summary judgment. So, Your Honors, just briefly, in conclusion, it is for those reasons that we've just stated that the trial court improperly granted the motion for summary judgment. And we also do believe that she improperly denied our motion, Condo 2's motion for summary judgment, because of the plain language in the community association's declaration identifying that property, which shall be considered part of the community facilities, and the history of the parties, which resulted in them maintaining the pond and adopting a budget for over 15 years and holding itself out responsible for it. And lastly, that there was other property subject to this pin that was conveyed to the community association via deed by the developer. All right. Thank you. Thank you, Your Honor. Mr. Mitchell? May it please the Court. Good morning again, Your Honors. As I referenced earlier, my name is Nick Mitchell. I represent the Groves of Hidden Creek 1 County Meeting Association, as well as the Groves of Hidden Creek Community Association. Well, you're representing both. Correct. Okay. But it seems like your opponent is really only after a declaration that this be deeded to the community association. Correct. Yeah, the Condo 1 owners have an interest in this because of the fact that they would have to pay 70% of the cost towards all of these. Your Honor, as you've heard throughout this proceeding, there's been one irrefutable fact which no one would or could object to, and that is the fact that the pond is located entirely within Condo 2. You know, as reflected in the record on page 495 to 499, the pond is completely surrounded by Condo 2. Condo 1 members have no direct, are not situated on the lake whatsoever. Well, what does that mean vis-a-vis the community association? Well, it means in the larger context of things, it means that if the community association is vested with title to this lake, that means that Condo 1 owners who are, would pay 70% of the bill for a lake that they have, that they're not situated on, and, you know, from our record, you know, from our client's position, have no access to. And that in and of itself would be. Well, isn't that sort of disputed by the record, that there is a benefit and that anyone in Condo 1 has access and enjoyment of this pond and that there's evidence in the record that people fish in that pond that are members of only Condo 1? There's evidence in the record suggesting that Condo 1 members could use it and could fish, but the affidavit that's attached to their response brief, as most summary judgment, does not say that anyone from Condo 1 does. However, we're not here to argue the merits of who benefits from the pond. Right. The trial court properly noted, or, you know, we're not going to argue with their, with her notation, that whether or not somebody benefits from the pond is a question of fact, which precludes summary judgment. She granted summary judgment on an entirely different basis, which is that the intent of the developer, in the context of what the most equitable result would be, was that the developer must have intended to convey this pond to Condo 2, so that way they can pay for their waterways in the same manner in which Condo 1 pays for its waterways. Well, what about this situation involving the other part of the property that's deeded to the community association involving the clubhouse, and what else is there? There's a playground. There's a road that goes around the entire lake, which was part of the deed, and I'm glad you raised that, Your Honor, because I think that actually bolsters our position and what the trial court did. Well, if that's all part of that same property, doesn't that militate against any suggestion that this was supposed to be deeded to Condo 1? No, because the, if you look at the map, you know, that the playground and the clubhouse and those things are off of the lake. They're not situated on the lake. Well, how close are they to the lake? Well, I mean, on the map you can tell the clubhouse is the yellow portion up here, which is separated between all these buildings away from the lake, and then I believe there's a playground over here, which is actually near the lake. So there's a road that surrounds that playground area, but those buildings that are pink near the clubhouse area, are those Condo 2 buildings? Yes. All the pink buildings are all Condo 2. All right. So those all have, well, they don't really have direct access, but there's a roadway, and then the lake is on the other side. Yeah. Most of the Condo 2 buildings are on the lake. Some of the buildings are not on the lake. So when, if I, I just can clarify. So that yellow surrounding road actually goes around the lake area, but there's condo unit buildings between that road and the lake. Correct. Anybody could walk into that area, couldn't they? Anybody, conceivably, sure. The issue, again, was if the developer had, all this property was, you know, the yellow portion of the property as well as the lake was all part of one pin, and the developer took that pin and conveyed title to the clubhouse, the road, the playground, and conveyed it to the community association. His failure to include the pond in that transfer, we think, is clear evidence that the developer never intended to convey the pond to the master. The most, but the most logical thing for him to do would have just conveyed the entire thing over. But instead, he parceled out these individual portions and conveyed that. And so, and that goes part and parcel with our argument that you have to look at this entire thing in the context of equity. You know, when you try to consider what the developer is going to do. Well, I'm not sure about that whole thing about equity. I'm not aware of cases that say that, I mean, that's really, equity is not part of the law. It's a special area that gives the court the power to do what is equitable. So I'm not sure I understand this whole idea that on a summary judgment motion, the court can equitably decide as a matter of law. Maybe I'm wrong. I don't know. I don't know that either of you cited any cases that would demonstrate that. At the same time, I agree that I think the court had the authority to deed this pond area to one of these parties. I'm not aware of any case law that suggests that a court cannot grant a summary judgment. And didn't she specifically say she wasn't really looking at the equities? Or did she say she was? No, no, she did not say it. She said that, she specifically said that she was not going to get into whether or not one party over another benefited from the pond. That's the only portion of the record that she disregarded for purposes of granting a motion. Okay. But did she say then that it was reasonable to infer that the intent was to deed this property to condo two so that they would be responsible for the maintenance and upkeep of this pond, just like the developer had deeded the waterway areas in condo one solely to condo one? Yes. The context of her ruling in the exact language was something along the lines of, you know, the developer's intent is clear that the two deeded the pond to condo two in the same way they deeded the waterways in condo one to condo one. So it was more along the lines of if condo one's waterways are completely surrounded by condo one and they have a deed to that, it makes sense the developer would have intended to treat the pond in the same manner and deeded to condo two. What kind of waterways are in condo one? They're more of streams. They're not nearly as large as the pond that's in condo two. They're more waterways, a couple of little ponds, and historically, you know, the condo one has always maintained those 100% and the issue has never arisen. Only once they discovered that there was nearly a million dollars of renovations necessary to the pond did all the parties say, well, wait a minute, who actually owns this? And that's why we think that the waiver argument that was asserted by the appellants in both their appellate brief as well as their motion for summary judgment doesn't have any use. Does the waiver generally kind of a factual question? Sure. I think that the undisputed facts in the record, however, established that as soon as the community association realized that they did not actually have title to this pond, that's when they stopped paying for anything towards the maintenance and the minor maintenance items that were in the budget, I believe, were $300 a year. That's the number that comes to mind. I'd have to confirm that in the record, but they were minor maintenance items and I think that council agrees that they were a nominal amount. Only once this giant bill came in, did they say, well, wait a minute, let's actually see what, if we have to pay this, if this is our obligation. As soon as they found they didn't have a title, that's when the dispute arose. Well, have there been any major expenses for condo one in terms of maintaining or the upkeep of their waterways? Anything like in the million dollar range? I don't believe there's anything in the record suggesting that there's been anything that size. Your Honor, I would like to focus, though, on, we believe that there's been a lot of discussion today about the developer's intent. And I truthfully believe that issue has been waived. It was never argued in the appellate brief or even on the issue before your Honor in the issues to review, whether the developer's intent was a question of fact that should have been considered by the trial court. In fact, the motions for summary judgment, when we filed our motion, we argued the same things that are before your Honors today. That is that the intent of the developer was to convey the title to condo two and that the most equitable result would have been that condo two get this pond. And also that the condo one members did not benefit from the pond. Therefore, pursuant to the language in the community association declaration, by definition, the pond wasn't community association property. She did not, you know, counsel never responded to our motion suggesting that the developer's intent is a question of fact. There was no reference to the developer's intent at all. It was always just that this, that we've waived the obligation or we've waived the right to challenge this and that the most equitable result would be for title to best with the community association. Even the appellate brief, the appellate brief, the issue presented for your Honor referenced something entirely different than developers intent. It was just the fact that the trial court improperly failed to consider material facts regarding who benefits from the pond. Only in the reply brief, did they raise any suggestion at all that the court improperly addressed the developer's intent? Well, did you indicate waiver in your response brief? Waiver. We addressed the waiver argument in our response brief. No, I don't mean the waiver of the community association in making payments towards the upkeep. I mean, did you respond in your response brief that they waived the issue of whether or not the intent of the developer was to deed this to condo two, because they didn't respond, because they didn't, it's not in their brief. We did not, because it was first raised in their reply brief in front of this court. But it was the basis of the court's ruling. So the court ruled that based on the undisputed facts that it was able to derive what the developer's intent was and issued a ruling accordingly in favor. They filed a brief, and if you're saying they didn't talk about it, then why didn't you come back in your response brief and say that they've waived the issue that the court relied upon? So haven't you waived waiver? No, Your Honor. The trial court ruled that she was not going to consider who benefits from the pond. However, she was going to grant our motion on a separate basis, which is the developer intended to convey this property to condo two. The appeal that was asserted by condo two said, we think the trial court erred by failing to address questions of material fact regarding who benefits from the pond. And aside from that, in the alternative, if there are no questions of material fact, the trial court got it wrong. It should have invested with the community association instead. There would never be any instance for us to address whether or not the property were improperly inferenced by the trial court. It wasn't an issue before, Your Honor. So we responded to those arguments in her appeal brief by responding that the trial court granted the summary judgment on a basis only unrelated. It seems to me, but you know what the trial court's ruling is. And the trial court's ruling was that the trial court has determined the developer's intent. They filed a white brief, and you're saying that they didn't raise that, they didn't contest that. And so it seems to me that your first response should have been, you know, they waived the right to contest the trial court's ruling because they didn't delve into the question of the developer's intent, which is the basis of the trial court's ruling. So you could have said, okay, we're done. I could have gone that way, Your Honor. But you didn't. We did not. Instead, we responded in our response to the appellate brief to the issues that were raised in her appellate brief. And the issues that were raised, we refuted and we gave this court reason to affirm the judgment in the trial court. Not only in the reply brief did we hear any reference to the developer's intent, and not just in the appeal. This has never been raised even in the trial court level. Their motion for summary judgment was purely based on notions of waiver and equity. And in response to our motion, which was based on developer's intent, they didn't raise this issue at all. Only in the reply brief, once we addressed the fact that the court actually granted judgment on issues wholly unrelated to benefits from the pond, all of a sudden then the theory changes to, well, wait a minute, they shouldn't have granted summary judgment because it's an improper inference of the developer's intent. So we think that issue has been waived. However, even if Your Honors were to consider that, we think that the evidence before in the records wholly supports the trial court's decision that the intent of the developer was clearly to convey property, the pond to Condo 2. There's nothing in the record suggesting any contrary intent. Much like this issue was never raised in the trial court level. Well, I think the primary argument counsel has made today is that the fact that you've got this clubhouse and this playground area near this pond, and you have the developer deeding the clubhouse, playground area to the community association, indicates an intent that the lake, or rather this pond, which is part of that same property identification number, would indicate that that's a fact that shows there was an intent, that the intent would be to deed that pond to the community association. That is certainly the argument being made today. And what I, my position is. Well, is that reasonable? No. We take the counter position. We think that the evidence suggests that the easiest thing for the But that pond was specifically excluded from the conveyance of the street and the playground and the clubhouse, which are all perfectly normal things that a community association would be responsible for maintaining. But in the historical context of this property, or the Condo 1 community association, I'm sorry, the Condo 1 property has always paid for its own waterways 100%. Within that context, the clear intent of the developer was to not convey that pond over to the community association, but rather to convey it to Condo 2. Let me ask you this. Why is it in the declaration that the community property, is it because of sheer numbers of units that Condo 1 is relegated to paying 70% and Condo 2 has been relegated to 30%? Yes. The size of the association. Yeah. If you'll notice the size, there's many more blue units, if you will, than there are pink units. And so that's where the 70-30 split comes from. All right. Okay. What's at the end of this rice court here, this big white thing? Where it just kind of stops at the waterway? I actually, I'm not familiar with what's at the end there, Your Honor. I don't know. And I don't think that there's ever been anything in the record suggesting what's at the end of that road. Our position has always been that, you know, the Condo 1 members derive no benefit from the pond. There was a counter affidavit in the response suggesting that members of the board could use the pond for fishing or looking at it from the benches or what have you. But, you know, there was never any testimony suggesting that anyone from Condo 1 actually has used it in that regard. It's just sort of the theory that they could use it if they wanted to. And, Your Honor, in closing, unless there's any other questions, I would just revert to our primary argument, which is that in this context of determining developer intent, we think that the court properly considered all the equitable circumstances. It makes no sense whatsoever for the developer to have conveyed title to Condo 1 waterways to Condo 1, yet convey the Condo 2 waterway to the community association. It would result in Condo 1 members paying 100% of their own fees, as well as 70% of the Condo 2 property, while Condo 2 members pay only 30% of theirs and nothing towards our property. Are there any properties in Condo 1 where those owners could, you know, when trying to sell their property, say that we're on lakefront property? They can put anything they want. I'm just asking that question. There's no Condo 1 property that's on the pond. On a pond? On the pond. No, on this pond. On this pond, yes. Okay. All right. Thank you. Thank you, Your Honor. Ms. Comstock? Just briefly, Your Honor. Looking at Condo 1 waterways in conjunction with this shadow lake that's at issue should not be done. And one of the main reasons is, as we've indicated earlier, is that Condo 1 was deeded where this particular lake was not. But also, in looking at the map that counsel has just been referring to, unlike the lake which is at issue here, there isn't common area around that waterway. There is or isn't? There is not. There isn't a clubhouse over there. There isn't a playground over there. There isn't a parking area or a joint streetway. So, again, we're looking at comparing apples to oranges. And also, earlier we were discussing the budget amount and it being a nominal amount. Well, really, what does the playground and the clubhouse have to do, if anything, with this pond? It goes, again, towards being part of the subject of the same permanent index number. And going back to what counsel was just saying, having the perhaps not having the use of it. But this shows that being an area, this portion of the property was already conveyed to the community association. This being an area within the association as a whole that would be, could be used by the Condo 1 owners. But if you look at the map, it's clear that the Condo 1 units surround the playground and they surround the clubhouse. And at the same time, that clubhouse and playground are also surrounded by Condo 2 units. But the pond itself is completely surrounded only by Condo 2 units, not by Condo 1. But it is also surrounded by an area that the Condo 1 units, unit owners have access to and have the right to go on to the right of egress and ingress as well, pursuant to the document. You could say that same thing for any of the areas in Condo 1. So I kind of go back to that same question. I don't know how that raises a question of material fact. Now, council has suggested that you never respond to the issue of intent. What is your response? The response is that, yes, we did address the issue of intent and our intent was always right here. What we have been describing both at trial court in our briefs as well, which is part of this property is subject to a PIN that was conveyed to the community association. We looked at the developer's intent, the developer, what the developer's actions were as it relates to the conveyance of this property. Let me ask you this. Yes. Aren't all of the units in Condo 2 part of that PIN? How could the pond be part of the PIN if everything surrounding it are not? But thereafter, each of the units would have had a separate index number assigned to them. It may have been under the original underlying PIN, but then as units were developed and conveyed, the county would have required that there would be separate PIN numbers for the taxing reasons for each of the units. But at the time that this association was developed, every one of these units had to be part and parcel of that original PIN along with the pond. That may have been the same underlying PIN, but again we go back to the original community association declaration, which made reference to there's going to be the common areas. And just because it may have been part of the same underlying PIN doesn't mean the developer didn't intend for it to be an area that would be used. Taking your argument the other way, this clubhouse and playground are part of that same property, and those were deeded to the community. Correct. And also, Your Honor, we were talking earlier about the budget and there being a nominal dollar amount in the budget. Well, we would hope that it has been 15 years, and it's not likely that you're going to see an expense, hopefully this large, for any association to be incurring more than, I don't think they would have seen it probably before 15 years. Is there any case that you would cite that would suggest that because the same PIN number that one could reasonably infer that the intent was by the developer to deed that to the community association? No, I don't believe there would be a case to support it. I think it's a factual issue going back to what the reasonable inference would be based on the actions of the developer, whether you look at that action or any of the other actions that the developer could have taken. Okay, my last question to you is, so what's the inference that you're drawing that the clubhouse and the playground have anything to do with a pond completely surrounded by condo 2 units? That while there may be also units from condo 2 surrounding this, it's not just intended to be used by just condo 2 owners. And the layout of the property and the access that the condo 1 owners have is that they can utilize this lake for fishing. As noted by counsel, this lake is different than the other waterways within the association. This isn't the same type of a lake or the waterways you see within condo 1, so that the owners from condo 1 and condo 2 could come and use and enjoy this lake that would allow them to do some line fishing in conjunction with also using the playground and the clubhouse. And I shouldn't have said last question, but there was no testimony, no effort by anyone to bring in anyone related to the development to resolve any intent questions, was there? No, there was nothing as it relates to the developers. Do you have any idea? I do not, Your Honor. I believe that it was that based on the pleadings and looking at the court's equitable power based on the plain language of the documents and the Thank you, Your Honors, unless there's any further questions. One would have thought that somebody would have taken the developer's deposition. Well, I question whether the developer is still around. This was a development that was created some time ago, so I'm not even sure if the developer is still around, to be honest. That's excellent. Thank you, Your Honors, unless there's any further questions. Oh, yes, the Kennedy brothers. I think they're actually still functioning, but what do I know? The real estate market kind of changed a lot of things. So we appreciate the arguments today. The case is cited, and we will take this matter under advisement. Thank you, Your Honor.